IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ANDREW BENSON,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. CV-F-06-249 REC<br>(No. CR-F-04-5315 REC)<br><br>ORDER DENYING PETITIONER'S<br>MOTION TO VACATE SENTENCE<br>PURSUANT TO 28 U.S.C. § 2255<br>AND DIRECTING CLERK TO ENTER<br>JUDGMENT FOR RESPONDENT |

　　　On March 3, 2006, petitioner Stephen Andrew Benson timely filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.[1]

　　　Petitioner was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a). Petitioner, who was represented by Assistant Federal Defender Ann Voris, pleading guilty pursuant to a written Plea Agreement on November 19, 2004. The Plea Agreement provided in pertinent part:

---

[1] Although the motion was filed with this court on March 3, 2006, the proof of service establishes that the motion was mailed from the federal prison on February 19, 2006.

**B. Blakely Waiver**: To the extent that defendant may have a right to have any facts that will be used to determine his sentence charged in the indictment and found at trial by a jury, pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004), the defendant waives those rights and consents to have the district court determine any facts necessary for the imposition of sentence under the standard of proof described below. The defendant also agrees to waive any constitutional challenge to the validity of the federal sentencing guidelines and their application to his case.

...

**A. Statutory Authority**: The defendant understands that a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984 (18 U.S.C. §§ 3551-374 and 28 U.S.C. §§ 991-998). The defendant further understands that the Court will impose a sentence within that guideline range, unless the Court finds that there is a basis for departure (either above or below that range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

...

**B. Waiver of Appeal and Collateral Attack**: The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up this right as long as his sentence is consistent with the agreement set forth above.

The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

...

> **2. Sentence Recommendation:** The government agrees to recommend that the defendant be sentenced to the low end of the applicable sentencing guideline range.

The Presentence Investigation Report calculated petitioner's guideline range under the Sentencing Guidelines (based on offense level of 29 with a Criminal History Category of IV) as 151 to 188 months.  The Presentence Investigation Report notes that the instant conviction is petitioner's sixth conviction for bank robbery in six years, that he committed the instant offense while on supervised release, and that he is a career offender subject to an enhanced penalty.  The Presentence Investigation Report acknowledges that the Plea Agreement provides for a recommendation at the low end of the guideline range, but recommended that the court sentence petitioner at the high end of that range because of petitioner's criminal history.

Prior to petitioner's sentencing, Ms. Voris filed a Sentencing Memorandum.  In her Sentencing Memorandum, Ms. Voris states in pertinent part:

> The plea agreement made a recommendation for low-end of the sentencing guideline range. After some discussion with the Assistant United States Attorney and Hubert Alvarez, the probation officer, at Mr. Benson's request, the probation officer agreed that it would change his Supervised Release Violation Form 12 and recommend concurrent time so long as Mr. Benson did not dispute the application of the guidelines and particularly the career offender status.  The United States Supreme Court recently held that the Sentencing Guidelines are no longer mandatory and that prior to imposing any sentence, a court must take into consideration seven factors outlined in 18 U.S.C. § 3553(a).  <u>United</u>

> States v. Booker, 125 S.Ct. 738 ... (2005). As the Court in noted in Booker, 18 U.S.C. § 3553(a)(1984) lists the U.S.S.G. as one of several factors for this Court to consider in imposing sentence. Section 3553(a) states that, in addition to the U.S.S.G., this Court 'shall consider,' the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, and to provide just punishment for the offense.
>
> In the wake of Booker, this Court has had its full judicial power restored to it and now can and must consider the other statutory factors delineated by § 3553(a). The Guidelines are no longer mandatory, they no longer trump consideration of other statutory sentencing factors. Where reasonable, this Court may fashion an appropriate sentence balancing equities in a particular case without the gymnastics of mandatory guideline system for downward departures. Therefore, this Court is no longer required to disregard any relevant mitigating circumstances that fall within the broad parameters of § 3553(a), including a consideration of fundamental fairness.
>
> Mr. Benson is not requesting any special consideration. He is requesting that the court consider the guidelines as well as the plea agreement. He asks that his time run concurrent to the time recommended on his violation and that his restitution be listed on the judgment so that he can continue to pay his restitution while incarcerated. He is not objecting to the career offender designation.
>
> ...
>
> It is requested that the court follow the plea agreement and sentence Mr. Benson to 151 months in custody, to run concurrent to any supervised release violation.

Petitioner was sentenced on February 28, 2005 to 151 months incarceration and 36 months of supervised release. No appeal was

1 filed.

2     In his Section 2255 motion, petitioner contends that he was
3 denied the effective assistance of counsel "when she failed to
4 argue at sentencing that this Court had the discretion to depart
5 below the 151 month sentence pursuant to the principles of
6 Booker."

7     The threshold issue in this motion is the effectiveness of
8 the waiver of the right to file a Section 2255 motion set forth
9 in the Plea Agreement.

10     A defendant may waive the statutory right to bring a Section
11 2255 motion challenging the length of his sentence.  United
12 States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States
13 v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub
14 nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993).
15 Recently, the Ninth Circuit held that a claim of ineffective
16 assistance of counsel that challenges the voluntariness of the
17 waiver does not preclude jurisdiction over a habeas action
18 pursuant to 28 U.S.C. § 2254.  Washington v. Lambert, 422 F.3d
19 864 (9th Cir. 2005).

20     Here, however, petitioner does not claim ineffective
21 assistance of counsel in connection with the Plea Agreement or
22 otherwise contend he did not knowingly and voluntarily enter into
23 the Plea Agreement.  Rather, his claim of ineffective assistance
24 of counsel relates solely to sentencing and is based on the
25 issuance of Booker between the time petitioner pleaded guilty and
26 he was sentenced.  Therefore, the court concludes that petitioner

is barred by the express waiver in the Plea Agreement from proceeding with his claim pursuant to Section 2255.

Furthermore, even if petitioner had not waived his right to bring this claim in a Section 2255 motion, he is not entitled to relief.

The standards governing an assertion of ineffective assistance of counsel are set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). As explained in <u>United States v. Quintero-Barraza</u>, 78 F.2d 1344, 1348 (9th Cir. 1995), <u>cert. denied</u>, 519 U.S. 848 (1996):

> According to <u>Strickland</u>, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....

The Sentencing Memorandum filed by Ms. Voris prior to

6

1  sentencing argued that the Court was not bound by the Sentencing
2  Guidelines because of <u>Booker</u>.  Therefore, Ms. Voris was aware of
3  the effect of <u>Booker</u> on petitioner's sentence and argued to the
4  court that the court was not bound to follow the recommendation
5  in the Presentence Investigation Report calculated pursuant to
6  the Sentencing Guidelines.  Although petitioner contends that Ms.
7  Voris was ineffective in failing to argue for a downward
8  departure less than 151 months, petitioner points to no factor
9  that would support a downward departure from the imposed
10 sentence.  While petitioner contends that the "Court may very
11 well have sentenced Petitioner to less than 151 months" if Ms.
12 Voris had argued for a sentence less than the low end of the
13 guideline range, petitioner points to nothing upon which such a
14 departure could be based, especially given petitioner's criminal
15 history detailed in the Presentence Investigation Report.
16 Therefore, petitioner has not demonstrated a reasonable
17 probability that his sentence would have been different if Ms.
18 Voris had argued for a sentence less than the low end of the
19 guideline range.

20        ACCORDINGLY:

21        1.  Petitioner Stephen Andrew Benson's Motion to Vacate
22 Sentence Under 28 U.S.C. § 2255 is denied.

23        2.  The Clerk is directed to enter judgment for respondent.
24 IT IS SO ORDERED.

25 **Dated: March 9, 2006**              **/s/ Robert E. Coyle**
   668554                                UNITED STATES DISTRICT JUDGE
26

7